AO 241 (Rev. 5/85)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**05    CV    1470**

## United States District Court

| | District |
|---|---|
| | Middle District of Pennsylvania |

| Name | Prisoner No. | Case No. |
|---|---|---|
| KEN ANDERSON | 01924-016 | |

Place of Confinement

UNITED STATES PENITENTIARY, P. O. BOX 1000, LEWISBURG, PA 17837

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| KEN ANDERSON    V. | WARDEN, JOSEPH V. SMITH |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  The Superior Court
for the District of Columbia, 500 Indiana Ave., N.W., Wash., D.C.  2001

2. Date of judgment of conviction  October 17, 1985

3. Length of sentence  20 years to life;  3 years to 10 years; 1 to 3 years 3 times
all sentences were to be ran consecutively to one another.

4. Nature of offense involved (all counts)  1st degree murder while armed;  carrying a
pistol without a license;  and 3 counts of obstruction of justice
(e.g., in violation of D. C. Code §§§ 22-2401, -3202;  22-2901, -3202;
22-3204;  22-722 respectively)

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

NOT APPLICABLE (Hereinafter, "N/A"

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

**FILED
SCRANTON**

JUL 2 2 2005

PER _____
DEPUTY CLERK

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __District of Columbia Court of Appeals__

   (b) Result __Affirmed convictions, sentence & denial of § 23-110 motion__

   (c) Date of result and citation, if known __December 2, 1993__

   (d) Grounds raised __The motions judge erred in ruling that he had not been__
   __denied the effective assistance of trial counsel, [See, "Memo.)__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court __Not Applicable__

      (2) Result __Not Applicable__

      (3) Date of result and citation, if known __Not Applicable__

      (4) Grounds raised __Not Applicable__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court __Not Applicable__

      (2) Result __Not Applicable__

      (3) Date of result and citation, if known __Not Applicable__

      (4) Grounds raised __Not Applicable__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __United States District Court for the Middle District__
__of Pennsylvania .__
      (2) Nature of proceeding __28 U.S.C. § 2241(c)(3)__

      (3) Grounds raised __DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL:__
AND __DENIAL OF EFFECTIVE ASSISTANCE POST TRIAL/POSTCONVICTION__

AO 241 (Rev. 5/85)

After the denial of my 1st collateral attack, which was flawed due to ineffective assistance of counsel, pursuant to D.C. Code § 23-110, nad subsequent to an Evidentiary Hearing, (See, Memo.)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes **XX**  No ☐

(5) Result **Denied**

(6) Date of result **June 12, 1991**

(b) As to any second petition, application or motion give the same information:

(1) Name of court **U.S. District Court for the M.D. of Pa.**

(2) Nature of proceeding **28 U.S.C. § 2241(c)(3) Petition For a Writ of Habeas Corpus**

(3) Grounds raised **Denial of effective assistance of (1) Trial, (2) Post Trial, (3) Post Conviction, and (4) Appellate Counsel; I was also Incompetent to give a statement that was used against me during trial proceedings while under the influence of Narcotic Drugs (e.g., Heroin and Cocaine Hydrocholoride)**

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No **X**

(5) Result **I voluntarily withdrew it in order to comply with the Court's instructions and guidance, my appeal from its denial I mean.**

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes **XX**  No ☐
(2) Second petition, etc.   Yes **XX**  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**NOT APPLICABLE**

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Denial of the Effective Assistance of Trial Counsel During All "Critical Stages" of the trial proceedings in Superior Court

Supporting FACTS (state *briefly* without citing cases or law) Due to the aforementioned ineffective assistance of trial counsel (a) pre-trial and (b) during trial (e.g., failure to file a motion to suppress my extra-judicial statement made to the police while I was under the influence of at least two separate Narcotic Drugs known as Heroin and Cocaine) plus a failure of my trial counsel to conduct an adequate independent factual and legal investigation, was deficient under 6th Amend.

B. Ground two: After my conviction and sentencing, and after the denial of my 1st "flawed" collateral attack pursuant to D. C. Code § 23-110

Supporting FACTS (state *briefly* without citing cases or law): ...subsequent to an Evidentiary Hearing, my postconviction/appellate counsel, appointed under the CJA* failed to perfect a **separate appeal** from the denial of postconviction relief, although it was clearly established Federal Law as determined by the Supreme Court, which held that the Federal Statute, Title 18 U.s.C.A. § 3006A, require[d] appointed counsel to pursue the proceedings throughout the filing of a timely certiorari

*Criminal Justice Act

AO 241 (Rev. 5/85)

C. Ground three: <u>I was both mentally and physically incompetent to (a) be</u>
<u>questioned by law enforcement, and (b) give statement under the in-</u>
<u>fluence of narcotic drugs, heroin and cocaine, plus waive Miranda.</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>There was evidence adduced at</u>

<u>my trial proceedings, as well as during my Evidentiary Hearing,</u>

<u>pursuant to D. C. Code § 23-110 motion, that, on the day of the</u>

<u>criminal incident in question, immediately before, in fact, I had</u>

<u>deliberately, willfully, and voluntarily injected myself with at</u>

<u>least several quarters of heroin and/or Cocaine Hydrochloride...</u>

D. Ground four  <u>Denial of the Effective Assistance of Appellate Counsel</u>
<u>on my first appeal as of right on Direct Appeal... Postconviction.</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>D. C. Code § 23-110(g) is</u>

<u>"inadequate and ineffective" to test the legality of my detenttion</u>

<u>because the D. C. Court of Appeals held in a November 10, 1980</u>

<u>Memorandum Opinion and Judgment that the claim of ineffective</u>

<u>assistance of appellate counsel cannot be raised by a D. C. Code</u>

<u>§ 23-110 because that section "provides no basis upon which the</u>

<u>trial court may review appellate proceedings." See-"Memorandum..."</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: <u>Not Applicable</u>
<u>Due to the aforementioned Ineffective Assistance of Appellate Counsel;</u>

<u>my "incompetence" et al.</u>

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing <u>Mr. Charles Stow, Esquire (now deceased), 1824 K</u>
<u>Street, N.W., Washington, D.C. 20011</u>

(b) At arraignment and plea  <u>(SAME AS ABOVE)</u>

AO 241 (Rev. 5/85)

(c) At trial  Charles Stow, Esquire (now deceased), 1824 K Street, N.W.

Washington, D.C. 20011

(d) At sentencing  (SAME AS ABOVE)


(e) On appeal  Mr. Gregory C. Powell, Esquire, 5704 East-West Highway,

riverdale, Maryland 20737

(f) In any post-conviction proceeding  Mr. Thomas G. Ross, Esquire, 5704 East-West

Highway, Riverdale, Maryland 20737

(g) On appeal from any adverse ruling in a post-conviction proceeding  Not Applicable - as Mr.

**Thomas G. Ross, Esquire, abandoned his constitutional & statutory
obligation and duty, as well as responsibility to perfect an appeal.**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future:  Not Applicable


(b) Give date and length of the above sentence:___ Not Applicable


(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒


Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.


_____
Signature of Attorney (if any)


I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

_Ken Anderson_
_____
Signature of Petitioner

# CERTIFICATE OF SERVICE

I, __Ken Anderson, pro-se_____, hereby certify that I have served a true
and correct copy of the foregoing:

"Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus
By a "state" D. C. Code Offender in Federal Custody" & its
Accompanying Memorandum of Points and Authorities in Support"


Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

UNITED STATES ATTORNEY'S OFFICE FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA
Mr. Thomas A. Marino, U. S. Attorney
235 North Washington Avenue
P. O. Box 309, Suite 311
Scranton, Pennsylvania 18501
and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _____ day of __June__, 2005

Respectfully Submitted,

_Ken Anderson_

KEN ANDERSON

REG. NO. __01924-016__

AO 241 (Rev. 5/85)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions—Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $_____, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is·

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**FILED
SCRANTON**

**JUL 2 2 2005**

PER _____

DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEN ANDERSON,

      Petitioner:

v.

UNITED STATES OF AMERICA,

      Respondent:

CIVIL ACTION NO.

**3: CV  05  1470**

FILED
SCRANTON

JUL 2 2 2005

PER _____
/DEPUTY CLERK

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS

## BY A PERSON IN 'state'/FEDERAL CUSTODY1/

---

1/ The instant Petitioner, Ken anderson, pro-se, is a D. C. Code
Offender/'state' prisoner now being housed within the Federal
Bureau of Prisons, at United States Penitentiary, P.O. Box 1000,
Lewisburg, pennsylvania 17837.

The Sixth Amendment right to counsel "attaches" with the
filing of formal criminal charges, and extends to all "critical
stages" of the proceedings.  **Moran v. Burbine**, 475 U.S. 412 (1986);
**Michigan v. Jackson**, 475 U.S. 625, 629 n. 3 (1986);  Scott v.
**Illinois**, 440 U.S. 367 (1979);  **Coleman v. Alabama**, 399 U.S.
1 (1970);  **Dew v. United States**, 558 A.2d 1112, 1113-18 (D.C.
1989).  "[T]he right to counsel is the right to effective
assistance of counsel."  **Strickland v. Washington**, 466 U.S. 668,
**686 (1984).**  When a jurisdiction provides an appeal of right,
due process also guarantees the assistance of counsel on appeal.
**Evitts v. Lucey**, 469 U.S. 387 (1985);  (quoted in **Lewis v.
Johnson**, 359 F.3d 647, 656 (3rd Cir. 2004).

I.   Trial Counsel, Mr. Charles Stow, Esquire's

Performance, Representation, and Assistance was Deficient

Within the Meaning of Sixth Amendment

Trial counsel's failure to request "an intoxication-defense

instruction" pursuant to **Washington v. United States**, 689 A.2d

568, 573 (D.C.App. 1997) (Please see ¶ [11, 12] in the District

of Columbia, voluntary intoxication (e.g., whether it be from

alcoholic beverages and/or drugs) does not excuse criminal actions,

although it may negate a defendant's specific intent);   see also

**Durant v. United States**, 551 A.2d 1318, 1329 (D.C. 1988);   **Carter

v. United States**, 531 A.2d 956, 964 n. 20 (D.C. 1987);   **Harris v.

United States**, 375 A.2d 505, 508 (D.C. 1977).

As the D. C. Court of Appeals itself wrote in **Smith v. United

States**, 309 A.2d 58, 59 (D.C. 1973), "The evidence required to

warrant the intoxication-defense instruction must reveal such a

degree of complete drunkeness that a person is incapable of form-

ing the necessary intent essential to the commission of the crime

charged."  See also, **Nicholson v. United States**, 368 A.2d 561, 565

(D.C. 1977);   **Williams v. United States**, 331 A.2d 341, 343 (D.C.

1975);   **Powell v. United States**, 455 A.2d 405, 412 n. 10 (D.C.

1983).

Thus, there must be evidence that the defendant "has reached

a point of incapacitating intoxication."  **Smith**, _supra_., 309 A.2d

at 59.  It has also been held, albeit in **dicta** that:  **"It may be

that a first degree murder charge does not require the same degree

of drunkeness to justify an intoxication-defense instruction given

the elements of premeditation and deliberation in addition to the

element of specific intent."**  See, **Harris v. United States**, 375

A.2d 505, 508 (D.C. 1977); Heideman v. United States, 104 U.S.
App. D.C. 128, 131-32, n. 10, 259 F.2d 943, 946 n. 10 (1958, cert.
denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959).

In a similar case, a defendant's confession was held to be
involuntary (e.g., Edwardson v. State, 255 Ala. 246, 51 So.2d 233,
(1951) where it appeared that the confession was made after re-
peated interrogation of the defendant while she was ill and under
the influence of narcotics (emphasis added).... Please see,
"Memorandum Of Opinion and Judgment" decided on December 2, 1993),
at page(s) 2 & 3, as follows:

> 'Appellant testified that trial counsel had visited him
> only five times before the trial, that he had tried un-
> successfully to reach counsel about twenty times by
> telephone, and that counsel never wrote to him even
> though appellant wrote to counsel thirty to forty times...
>
> Appellant claimed that he had wanted his statement to
> the police suppressed because it differed from what had
> really happened, and that he had been sick when he gave
> his statement and had agreed to talk to the police only
> so that he could leave...
>
> Appellant also claimed that he "had injected two to three
> quarters of Heroin [and/]or Cocaine on the day he gave his
> statement...'

### Ground One's Argument

In the instant case, there was no evidence whatsoever of the
Petitioner's careful advance preparation for the crime, thus there
was no showing that he was working "logically, rationally, and
efficiently to the execution of any criminal purpose and aim
whatsoever. Heideman, supra., 104 U.S.App. D.C. at 132, 259 F.2d
at 947.

If anything, the facts of the instant case are not unlike
those in United States v. Scott, 174 U.S.App. D.C. 96, 529 F.2d
338 (1975) (where several witnesses, including the petitioner in
that case, had testified at trial that

testified at trial that:

> "[I]n the instant case, their testimony was that
> Petitioner, Ken Anderson, injected drugs, e.g.,
> Heroin or Cocaine excessively immediately before
> the criminal incident in question occurred, et
> cetera."

Despite the trial testimony of the interviewing MPD detective,
who also took Petitioner's statement [without advising him of his
aforementioned **Miranda** rights] that "Appellant did not appear to
be under the influence of any substances and 'clearly understood
what I told him, and ... had no problems with reading the waiver
form,'" the trial court should have held that evidence that the
Petitioner's speech was slurred when he made his statment supported
the conclusion that it was involuntary because he was intoxicated.
See, **Gladden v. Unsworth**, 396 **F.**2d 373 (CA9 Or. 1968) (reversing
the defendant's state murder conviction, holding that statements
made by the defendant should have been supprressed because they
were so affected by his consumption of ... as to be involuntary).

It is beyond belief that either the testifying MPD detective
and/or the trial court judge could be medically expert in the
effects of narcotic intoxication so as to be able to render an
expert opinion under oath as to whether or not the Petitioner's
statements were voluntary and/or involuntary, given the fact that
Petitioner had injected several quarters of Heroin or Cocaine, as
testified to under oath by the Petitioner.

Denial of a D. C. Code § 23-110 Subsequent to an

Evidentiary Hearing

While the denial of Petitioner's § 23-110 motion is appealable,
pursuant to § 23-110(f), but requires a notice of appeal **separate**
from the appeal of the conviction, pursuant to **Taylor v. United**

<u>States</u>, 603 A.2d 451, 458 (D.C. 1992); <u>Hall v. United States</u>,
559 A.2d 1321 (D.C. 1989).

Petitioner despite all due diligence has been unable to locate
the aforesaid **separate § 23-110 notice of appeal, as well as the
separate appellate brief for his D. C. Code § 23-110,** anywhere
in the record of this proceedings complained of herein.   Therefore,
if this Honorable United States District Court For The Middle
District of Pennsylvania with its infinitely more vast resources
at its disposal cannot locate the aforementioned separate documents
referenced, it would portend a constitutional violation of the
Petitioner's "Equal Protection of the Laws" rights as well.

> D. C. Code § 23-110 Is Inadequate and Ineffective to
>
> Test the Legality of Petitioner's Detention Because
>
> Sentence Computation Issues May Not Be Litigated Under
>
> D. C. Code § 23-110

See, **Alston v. United States**, 590 A.2d 511, 514 (D.C. 1991)
("The D. C. Court of Appeals, Ferren, J., held that (1) inmate's
challenge to Executive Department's execution of his sentence,
rather than imposition of sentence, had to be raised in habeas
corpus petition rather than motion to correct sentence...").

### Third Circuit Analysis

In the recent case of **Jacobs v. Horn,** 395 F.3d 92 (3rd Cir.
2005) ([1] 'trial counsel was ineffective in failing to investigate
further and discover mental health evidence in support of diminished
capacity defense...") because in Pennsylvania, when asserting
diminsihed capacity defense, defendants attempts to negate element
of specific intent to kill and if successful, first degree murder
is reduced to third degree murder. **Homicide Criminal Law Key** 826.

A.   Ineffective Assistance of Counsel During the Guilt

Phase for Failing to Investigate and Discover Mental

Health Evidence

The instant criminal conduct was merely  committed in a heat
of passion moment over a perceived debt owed to the Petitioner,
and as a direct result of his diminished capacity, in that, the
Petitioner, Ken Anderson, lacked the specific intent to kill
the deceased.   **Commonwealth v. Legg**, 551 Pa. 437, 711 A.2d 430,
433 (1998);  (as quoted in **Jacobs v. Horn**, 395 F.3d at 101, foot-
note 6;   **Strickland**, 466 U.S. at 687-88, 104 S.Ct. 2052 (counsel's
reasonableness must be assessed on the facts of the particular
case, viewed as of the time counsel's conduct).  **Id.** at 689, 104
S.Ct. 2052;   **Wiggins**, 539 U.S. at 522-23, 123 S.Ct. 2527 (In the
context of ineffective assistance based on counsel's failure to
investigate, the court must determine whether counsel exercised
"reasonable professional judgment.");   **Commonwealth v. Zettlemoyer**,
500 Pa. 16, 454 A.2d 937, 943 (1982);   the prejudice component
requires Anderson to show that there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.   **Id. at 694, 104 S.Ct. 2052;**
**Jermyn v. Horn**, 266 F.3d 257, 282 (3d Cir. 2001) (quoting **Baker v.**
**Barbo**, 177 F.3d 149, 154 (3d Cir. 1999) ("a probability sufficient
to undermine confidence in the outcome") this standard is not a
stringent one."

Petitioner urges this Honorable Court to consider whether or not in its view, the D. C. Court of Appeals decision, based on a single factor to the exclusion of other relevant factors, involved an unreasonable application of **Strickland**. **Strickland** teaches that a court deciding any ineffectiveness claim must "determine whether, **in light of all the circumstances**, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." **Strickland**, 466 U.S. at **690, 104 S.Ct.** 2052 (emphasis added). Specifically, in an ineffectiveness claim challenging counsel's decision not to investigate, **Strickland** mandates that counsel's decision "must be directly assessed for reasonableness in all the circumstances." **Id.** at **691, 104 S.Ct.** 2052.

Since **Strickland**, the United States Supreme Court has repeatedly emphasized the necessity of assessing an ineffectiveness claim in light of all the circumstances. See, **Wiggins,** 539 U.S. at 533, **123 S.Ct.** 2527; **Roe v. Flores-Ortega**, 528 U.S. 470, 478, 120 S.Ct. **1029, 145 L.Ed.2d** 985 (2000); **Kimmelman v. Morrison**, 477 U.S. **365, 384, 106 S.Ct.** 2574, 91 L.Ed.2d 305 (1986).

**WHEREFORE**, as in the previously cited cases of **Gladden v. Unsworth**, 396 F.2d 373 (CA9 Or. 1968) and **Commonwealth v. Eden**, **456 Pa. 1, 317 A.2d** 255 (1974) where both courts held that the evidence established that the defendant's inculpatory statements made immediately after [their respective arrests] were involuntary because of their extreme state of intoxication, the instant Petitioner's conviction and sentence should be vacated, and the case should be remanded to the Superior Court of the District of Columbia and/or the District of Columbia Court of Appeals for

one and/or both of the following:

(1). Further consideration in light of the foregoing;

(2). An Evidentiary Hearing on the merits of Petitioner's actual competency at the time of the criminal incident in question as a result of his having injected immediately prior Heroin or Cocaine.

**Office of the Clerk**
**UNITED STATES DISTRICT COURT**
**for the**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**235 N. Washington Avenue**
**Scranton, PA 18503**
**(570)207-5600**

July 25, 2005

COURT TRANSFERRED TO: **DISTRICT OF COLUMBIA**
RE: **3:05cv1470**
      **Anderson v Smith**

Dear Sir/Madam:

This case has been transferred from the Middle District of Pennsylvania pursuant to an order of court.

Please acknowledge receipt of case file and send back to our attention.

Thank you for your cooperation.

MARY E. D'ANDREA, Clerk

By: _____
      Deputy Clerk

Received on _____

Case # _____

CLOSED, HABEAS, PROSE, PRSLC

# U.S. District Court
## Middle District of Pennsylvania (Scranton)
## CIVIL DOCKET FOR CASE #: 3:05-cv-01470-JMM-EC
### Internal Use Only

Anderson v. Smith
Assigned to: Honorable James M. Munley
Referred to: Pro Se Law Clerk EC
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 07/22/2005
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Ken Anderson**

represented by **Ken Anderson**
01924-016
USP-Lewisburg
P.O. Box 1000
Lewisburg, PA 17837
PRO SE

V.

**Respondent**

**Warden Joseph V Smith**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2005 | 1 | PETITION for Writ of Habeas Corpus , filed by Ken Anderson.(ch, ) (Entered: 07/22/2005) |
| 07/22/2005 | 2 | MEMORANDUM OF POINTS & AUTHORITIES by Ken Anderson. (ch, ) (Entered: 07/22/2005) |
| 07/22/2005 | 3 | PRISONER LETTER ISSUED w/ Notice & Consent Form and U.S. Marshal Forms. (ch, ) (Entered: 07/22/2005) |
| 07/22/2005 | | Case file to Lois Fuller for payment. (ch, ) (Entered: 07/22/2005) |
| 07/25/2005 | 4 | ORDER TRANSFERRING CASE to the DISTRICT OF COLUMBIASigned by Judge James M. Munley on 7/25/05. (sm, ) (Entered: 07/25/2005) |
| 07/25/2005 | | transfer letter and cc of docket sheet and closing order sent to DC District Court (sm, ) (Entered: 07/25/2005) |

Certified from the record
Date _____
MARY E. D'ANDREA, Clerk
Per _____ Deputy Clerk