UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEN ANDERSON,

    Petitioner,

v.

JOSEPH V. SMITH,

    Respondent.

Civil Action No. 05-1575 (RCL)

FILED
AUG 23 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This matter comes before the court on petitioner's *pro se* petition for a writ of habeas corpus. The Court will dismiss the petition.

Petitioner attacks his conviction and sentence imposed by the Superior Court of the District of Columbia. A challenge of this nature must be brought in a habeas action in the Superior Court under D.C. Code § 23-110(g), which provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*,

794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his attempt to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F.Supp. 277, 280 (D.D.C. 1995).

Insofar as petitioner claims that his appellate counsel was ineffective, neither a motion in the Superior Court under D.C. Code § 23-110 nor a habeas petition in the Court is the proper avenue for relief. "[T]he issue of ineffective assistance of appellate counsel can only be litigated through the filing of a motion to recall the mandate" in the District of Columbia Court of Appeals. *Mayfield v. United States*, 659 A.2d 1249, 1252 (D.C. 1995); *see Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc).

Accordingly, the Court will deny the petition. An Order consistent with this Memorandum Opinion will be issued separately on this date.

                                                    ROYCE C. LAMBERTH
                                                    United States District Judge

DATE: 8/21/05