UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEN ANDERSON,

       Petitioner,

v.                                   Civil Action No. 05-1575 (RCL)

JOSEPH V. SMITH,

       Respondent.

FILED

AUG 2 3 2005

**MEMORANDUM OPINION**    NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

This matter comes before the court on petitioner's *pro se* petition for a writ of habeas corpus. The Court will dismiss the petition.

Petitioner attacks his conviction and sentence imposed by the Superior Court of the District of Columbia. A challenge of this nature must be brought in a habeas action in the Superior Court under D.C. Code § 23-110(g), which provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*,

794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his attempt to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F.Supp. 277, 280 (D.D.C. 1995).

Insofar as petitioner claims that his appellate counsel was ineffective, neither a motion in the Superior Court under D.C. Code § 23-110 nor a habeas petition in the Court is the proper avenue for relief. "[T]he issue of ineffective assistance of appellate counsel can only be litigated through the filing of a motion to recall the mandate" in the District of Columbia Court of Appeals. *Mayfield v. United States*, 659 A.2d 1249, 1252 (D.C. 1995); *see Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc).

Accordingly, the Court will deny the petition. An Order consistent with this Memorandum Opinion will be issued separately on this date.

*[signature]*
ROYCE C. LAMBERTH
United States District Judge

DATE: 8/21/05